Day, J.
The single question presented by this record is: was it error for the court to render a several judgment against one party to a claimed joint liability, in advance of a trial, or inquiry and finding, as to the rights and liabilities of the other parties defendant?
It was the rule of the common law that where a joint contract or joint liability was the subject of an action, the recovery, if one was hád, must be against alio? neither of the defendants; and that rule is still in force, except 'in so far as it has been modified by statutory provisions. It has not been entirely abrogated, but has been modified, and to *226 an extent only, by the provisions of sections 5311, 5312 and 5313, Revised Statutes. The-provision of section 5812 is as follows: “In an action against several defendants, the court may render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper.’
The provisions of this section do modify the rule of the common law and authorize a several judgment, on a joint liability; but only when it is proper to render a several judgment. The court must notice the situation and conditions obtaining, m any given matter, in order to determine 'the proper action to be taken therein; and the question as to whether it is proper to render a several judgment against one of a number of defendannts, where a joint claim is asserted against all, can only be ascertained by an examina"tion of the facts. Clearly the modified rule requires a trial, or, at least some kind of an inquiry, and ascertainment, by the court, of the relative rights and liabilities of all the defendants, as a condition precedent to the rendering of a several judgment against either of them.
The decision of the supreme court in the case of Aucker v. Adams & Ford, reported in the 23 Ohio St., 543 is exactly in point and is decisive of this case. The third syllibus is as follows: 3. “ Where a joint suit against all the obligors in a bond is the only remedy of the plaintiffs thereon, it is error, under the provisions .of section 371 of of the code; for the court to render a several judgment against one or more of the defendants, leaving the action to proceed against the others.’’ Judge Mcll-vaine for the court, on page 550-51 discusses the question presented by this record. He says: “There can be no doubt that the cases wherein it -is improper to render a several judgment against one or more of the defendants, leaving the action to proceed against the others, are limited, as a general rule at least, to actions founded on joint contracts,’’ * * * * *227 ‘ ‘This construction of the section harmonizes more fully with the general system of practice introduced by the code, and especially with the provisions of sections 38 and 77 of the code. So that, the rule would seem to be, that the court, in its discretion, may render a judgment against one or more of the defendants, leaving the action to proceed against the others whenever it appears that the plaintiff might have demanded a several judgment on the contract if he had elected to sue tjhe defendants separately. On the other hand in all cases, where the subject matter of the action is such that the plaintiff could not have prosecuted several actions, his only remedy being to demand a joint judgment in a joint action, he cannot have a several judgment against any of the defendants until the liability of each and all the defendants has been determined upon final trial of all the issues in the case. Upon such final trial, if all the defendants are found to be liable, then judgments should be rendered against all; and if some only are found to be liable and others not, the judgment should be against those found to be liable, and in favor of those who- are found to be not liable.”
Charles F. Garberson, for Plaintiff in Error.
8. H. & J. H. Bartram, for Defendant in Error,
We are of opinion there was error in the action of the court below, in rendering a several judgment against the plaintiff in error, on default and before a trial was first had, to ascertain and determine the relative rights and liabilities of all the defendants; and for that reason alone the judgment is reversed and remanded for further proceeding in accordance with law.